THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No:

JACQUELINE RENA GREEN,
**individually and on behalf of all others similarly situated,**

    Plaintiff,

v.

**STATE EMPLOYEES CREDIT UNION,**

    Defendant

**CLASS ACTION COMPLAINT
FOR DAMAGES**
[Jury Trial Demanded]

### PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES AGAINST DEFENDANT STATE EMPLOYEES CREDIT UNION

Plaintiff Jacqueline Rena Green ("Plaintiff"), individually and on behalf of all others similarly situated brings this class action complaint against State Employees Credit Union, ("Defendant" or "SECU") to recover damages on behalf of a Class and Subclass of persons who suffered harm at the conduct of Defendant. Plaintiff makes these allegations based upon personal information pertaining to herself, and upon information and belief, the investigation of counsel, and facts that are a matter of public record on all other matters.

### I.  INTRODUCTION

1. The Community has a right to expect that noticed creditors must comply with laws to prevent and protect consumers from foreseeable irreparable harm. Noticed creditors who fail to comply with the bankruptcy code and state consumer protection laws should be held in violation of those laws and/or civil contempt of court and should be sanctioned. This is an action to enforce the Bankruptcy Court's discharge orders entered in favor of the Plaintiff. Defendant has willfully chosen not to comply with the Bankruptcy Court's orders and numerous state remedial consumer

protection statutes. Plaintiff has been damaged and seeks monetary, declaratory, and injunctive relief based on the Defendant's willful choice not to comply with the Bankruptcy Court's orders. Plaintiff seeks damages for the same conduct under North Carolina state law.

## II. PARTIES, JURISDICTION AND VENUE

1. Green is a "Debtor" as that term is defined at 11 U.S.C. § 101(13) under Chapter 13 of Title 11 of the United State Code in bankruptcy case No. 19-04751-5 filed in the Bankruptcy Court for the Eastern District of North Carolina.

2. SECU is a corporate entity formed in North Carolina, doing business in the State of North Carolina, and is a "creditor" as that term is defined at 11 U.S.C. § 101(10)(A) and (B).

3. SECU can be served through its registered agent Cathleen M. Plaut, 119 N Salisbury Street, Raleigh, NC 27603 and through its CEO Leigh Brady, 119 N Salisbury Street, Raleigh, NC 27603.

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and this Court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

5. Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs claims occurred here, Plaintiffs reside here, and Defendant transacts business here.

## III. FACTUAL ALLEGATIONS

**(Filing of the Petition and Discharge)**

6. On October 14, 2019, Green filed a voluntary petition for Chapter 13 bankruptcy relief and a proposed Chapter 13 plan in the United States Bankruptcy Court for the Eastern District of North Carolina, Greenville Division.

7. Prior to filing for Chapter 13 bankruptcy, Green incurred 2 debts to SECU and granted SECU a security interest in her 2004 Jeep Wrangler (the "Vehicle") through a perfected lien.[1]

8. SECU received a copy of the Notice of Chapter 13 Bankruptcy Case, as well as other documents pertaining to Green's bankruptcy.

9. SECU did not object to Green's Chapter 13 plan.

10. Green's Chapter 13 Plan was confirmed on December 23, 2019.

11. Green's Chapter 13 plan called for the payment of the fair market value of the Vehicle to SECU on its two secured claims in the amount of $9,225.00, SECU was treated as fully secured for its first claim and partially secured on its second claim. A copy of the Order Confirming Plan and the confirmed Chapter 13 plan are attached hereto as **Exhibit 1.**

12. SECU, on November 11, 2019, filed a secured proof of claim (Claim 4) in the amount of $8967.23 and a partially secured proof of claim (Claim 5) in the total amount of $868.65 with $257.77 of that amount being secured. *See* Proofs of Claim attached hereto as **Collective Exhibit 2.**

13. As evidenced by the Chapter 13 Trustee's Final Report and Account filed October 20, 2023 Green made all payments required pursuant to the Chapter 13 plan to the Chapter 13 trustee and SECU was paid $8,967.23 in principal and $1,495.13 in interest on its first claim and $279.00 in principal and $46.67 in interest on the secured portion and $15.78 on the unsecured portion of its second claim by the Chapter 13 trustee during the bankruptcy case. *See* Trustee Report attached hereto as **Exhibit 3.**

---

[1] The second debt owing to Defendant is secured by the 2004 Jeep Wrangler pursuant to a cross-collateralization clause contained in the loan agreement. Plaintiff does not contest this manner of perfection.

14. Green received a Chapter 13 discharge on September 7, 2023.

**(Green's Post-Discharge Experience)**

15. On March 20, 2024 counsel for Green wrote a letter to SECU at the address provided for it to receive notices pursuant to its proof of claims demanding proof of the release of lien encumbering the Vehicle as Green had not received clear title to the 2004 Jeep Wrangler despite satisfying the debt through her Chapter 13 Plan and discharge Order. A copy of the letter is attached hereto as **Exhibit 4**.

16. Additionally, on March 2024, counsel for Green wrote a letter to SECU at the address provided for it to receive notices pursuant to its proof of claim requesting information pursuant to the North Carolina Retail Installment Sales Act. A copy of the letter is attached hereto as **Exhibit 5.**

17. To date, Green has not received a release of lien for the vehicle from SECU nor a response to either letter.

18. Since receiving her discharge, Plaintiff has believed the title to her vehicle to be free and clear after having, through the payments under her Chapter 13 plans, satisfied any debts for which her vehicle was pledged as collateral.

19. SECU has no financial safety protocols in its system of record to provide consumers releases of liens after it has been paid its claim during a Chapter 13 bankruptcy case.

20. As a direct and proximate result of SECU's failure to release the liens and provide clear titles to Plaintiff, Plaintiff has suffered injuries of a personal and pecuniary nature including, but not limited to, time spent trying to convince SECU to release the lien; emotional anxiety, stress, worry, and frustration; and requiring attorneys to pursue litigation. *See* Affidavit of Green attached hereto as **Exhibit 6.**

21. The systematic violations of the bankruptcy and non-bankruptcy laws as alleged herein further justify and enhance the necessity for the award of substantial and significant punitive damages in this case.

## IV. CLASS ALLEGATIONS

22. Because Defendant's wrongful conduct is widespread, this case should be certified for class action treatment pursuant to Fed. R. Civ. P. 23.

23. **The Class.** Plaintiff seek to represent a Class defined as follows:

> All debtors (1) who received a discharge of their Chapter 13 bankruptcy with this court, (2) paid all amounts due Defendant, through the Chapter 13 trustee, pursuant to their confirmed Chapter 13 plan, and (3) for which Defendant failed to release the lien on debtor's vehicle within the applicable time period after discharge.

24. **The UDAP Subclass.** Plaintiff additionally seek to represent a Subclass defined as follows:

> All debtors (1) who received a discharge of their Chapter 13 bankruptcy filed in North Carolina within the applicable statute of limitations period, (2) whose secured vehicle loan was for personal property located in the State of North Carolina, or who were residents of North Carolina during the time periods relevant to this action, (3) completed all plan payments owed on a secured vehicle loan and (4) for which Defendant failed to release the lien on the vehicle within the applicable time period after receiving all plan payments.

25. Excluded from the Class and Subclass are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class or Subclass; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

26. Plaintiff hereby reserves the right to amend or modify the Class and Subclass definitions with greater specificity or division after having had an opportunity to conduct discovery.

27. **Numerosity**. The members of the Class and Subclass are so numerous that joinder of all members is impractical, as the Class and Subclass is estimated to consist of hundreds, if not thousands, of members. A class action is the only feasible method of adjudicating the rights of all affected Debtors, and absent allowance of a certification of a class action, a failure of justice will result. The number of putative Class and Subclass members can be readily ascertained by a review of Defendant's records. Using this information, Class and Subclass members can be identified and ascertained for the purpose of providing notice and ultimate relief.

28. **Commonality and Predominance.** This action involves common questions of law and fact that predominate over any questions affecting individual Class and Subclass members. These common questions are appropriate for class certification because the resolution thereof would substantially advance the disposition of this matter and each party's interests herein. These common questions include:

   a. Whether Plaintiff, Class, and Subclass members received a discharge in a Chapter 13 bankruptcy;

   b. Whether the Chapter 13 bankruptcy included repayment of a loan secured by a vehicle in the Chapter 13 plan in full satisfaction of the secured debt;

   c. Whether Plaintiff, Class, and Subclass members paid all payments due Defendant pursuant to their confirmed Chapter 13 plan;

   d. Whether Defendant timely released the lien encumbering the vehicle and securing the vehicle loan, as required by N.C.G.S. § 20-58.4;

e. Whether Defendant failed to release the lien encumbering the vehicle and securing the vehicle loan after discharge;

f. Whether Plaintiff, Class, and Subclass members were injured and suffered damages or other losses because of Defendant's actions as described herein; and,

g. Whether Plaintiffs Class, and Subclass members are entitled to damages, and the measure and amount of those damages.

29. **Typicality.** Plaintiff's claims are typical of those of other Class and Subclass members. Plaintiff was a debtor who received a discharge of in her Chapter 13 bankruptcy, had a loan secured by a vehicle paid during the Chapter 13 plan, and Defendant failed to release the lien on Plaintiff's vehicle following discharge. As such, Plaintiff's claims arise from the same factual circumstances as the claims of other Class and Subclass members, and her damages and injuries are akin to those of other Class and Subclass members. Plaintiffs seek relief consistent with the relief sought by the Class and Subclass.

30. **Adequacy.** Plaintiff is an adequate representative of the Class and Subclass because she is a member of the Class and Subclass that she seeks to represent, is committed to pursuing this matter against Defendant to obtain relief for the Class and Subclass, and has no conflicts of interest with the Class and Subclass. Moreover, Plaintiffs' attorneys are competent and experienced in litigating class actions such as this one. Plaintiffs intend to vigorously prosecute this case and will fairly and adequately protect Class and Subclass members' interests.

31. **Superiority.** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The quintessential purpose of the class action mechanism

is to permit litigation against wrongdoers even when damages to an individual plaintiff may not be sufficient to justify individual litigation. Here, the damages suffered by Plaintiffs, the Class, and Subclass are relatively small compared to the burden and expense required to individually litigate their claims against Defendant, and thus, individual litigation to redress Defendant's wrongful conduct would be impracticable. Individual litigation by each Class and Subclass member would also strain the court system. Individual litigation creates the potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

## V. CAUSES OF ACTION

**COUNT I: VIOLATION OF THE PERMANENT DISCHARGE INJUNCTION**
**(11 U.S.C. § 105)**
*On behalf of the Plaintiff and Class*

32. Plaintiff restates all allegations contained in Paragraphs 1 through 31 as if fully restated herein.

33. Pursuant to 11 U.S.C. § 524(a)(2), a discharge order "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; . . ."

34. Defendant was sent notice of the Plaintiff and Class members' Chapter 13 plans, confirmation orders, and discharge orders by the Bankruptcy Court's Clerk of Court.

35. Defendant's failure to timely release its lien upon the Plaintiff and Class members' vehicles constitutes a violation of the permanent discharge injunction and thus contempt of the Bankruptcy Court's discharge order granted to the Plaintiff and Class members.[2]

36. The failure of the Defendant to release the lien on the Plaintiff and Class members' vehicles frustrates one of the core purposes of filing a bankruptcy - the fresh start.

37. Defendant is an experienced creditor that is routinely involved in the making, servicing, and collection of debts that are involved in a bankruptcy and is, therefore, a sophisticated creditor who should be familiar with bankruptcy and state laws.

38. As a result of the above violations of the Bankruptcy Court's discharge orders, Plaintiff and Class members are entitled to recover against Defendant an award of actual damages, punitive damages, and legal fees and expenses pursuant to 11 U.S.C. § 105.

## COUNT II: VIOLATIONS OF NORTH CAROLINA UNFAIR OR DECEPTIVE PRACTICES ACT
*On behalf of the Plaintiff and Subclass*

39. Plaintiff restates all allegations contained in Paragraphs 1 through 31 as if fully restated herein.

40. Pursuant to N.C.G.S. § 20-58.4:

(a) Upon the satisfaction or other discharge of a security interest in a vehicle for which the certificate of title is in the possession of the secured party, the secured party shall, within the earlier of 10 days after demand or 30 days from the date of satisfaction, execute a release of his security interest, in the space provided therefor on the certificate or as the Division prescribes, and mail or deliver the certificate and release to the next secured party named therein, or if none, to the owner or other person authorized to receive the certificate for the owner.

(a1) Upon the satisfaction or other discharge of a security interest in a vehicle for which the certificate of title data is notated by a lien through electronic means pursuant to G.S. 20-58.4A, the secured party shall, within seven business days from the date of

---

[2] See *In re Turner*, 2009 Bankr. LEXIS 3000 (Bankr. S.D. Ind. 2009).

satisfaction, send electronic notice of the release of the security interest to the Division through the electronic lien release system established pursuant to G.S. 20-58.4A. The electronic notice of the release of the security interest sent to the Division by the secured party shall direct that a physical certificate of title be mailed or delivered to the address noted by the secured party providing notice of the satisfaction or other discharge of the security interest. Upon receipt by the Division of an electronic notice of the release of the security interest, the Division shall mail or deliver a certificate of title to the address noted by the secured party within three business days.

41. The actions and omissions described, *supra*, by Defendant constitute clear violations of N.C.G.S. § 20-58.4 as Defendant failed after receipt of the Discharge Order and/or having received payment of all sums due it to comply with the statute and release any of the liens on the vehicles owned by Plaintiff and Subclass members within the statutory period.

42. As a direct result of Defendant's acts and omissions, Plaintiff and Subclass members have found it necessary to devote countless and unnecessary hours to effectuate the securing of such title, and this time was unwarranted and unnecessary. In addition to this unwarranted time, Plaintiff and Subclass members have suffered and continue to suffer emotional distress in the form of fear and anxiety.

43. The actions and omissions described, *supra*, by Defendant were knowing and willful as Defendant received notice and copies of Plaintiff and Subclass members' bankruptcy filing, Chapter 13 plan, and other Bankruptcy Court orders but chose to ignore them.

44. The North Carolina Unfair and Deceptive Practices Act ("UDAP") N.C.G.S. 75-1.1(a) prohibits any unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce.

45. The UDAP applies to Defendant's acts and omissions as described herein because it applies to transactions involving the lending of money with repayment over time with interest

10

by the Defendant and is therefore a business activity constituting commerce pursuant to N.C.G.S. 75-1.1(b).

46. Defendant's conduct herein constitutes unlawful and unfair competition practices with respect to the transactions involving Plaintiff and Subclass members. Specifically, the actions of Defendant arose out of its failure to comply with the mandatory provisions of N.C.G.S. § 20-58.4: and/or the Bankruptcy Court's discharge orders.

47. Plaintiff and Subclass members were injured by Defendant's failure to release the liens upon vehicles owned by Plaintiff and Subclass members, who have suffered damages as a result, including, but not limited to, being deprived of the release of the liens on their vehicles; and significant inconvenience, emotional distress and anxiety as a result of Defendant's conduct.

WHEREFORE, Plaintiff Jacqueline Rena Green individually and on behalf of the Class and Subclass, request that the Court issue an Order for Judgment against Defendant State Employees Credit Union in Plaintiff's favor as follows:

- A. For an Order certifying this action as a Class Action and appointing Plaintiff as Class Representative and undersigned Counsel as Class Counsel;

- B. For an award of actual damages, compensatory damages, statutory damages, and statutory penalties, in an amount to be determined, as allowable by law;

- C. For an award of treble damages to Plaintiff and Subclass members pursuant to N.C.G.S. § 75-16 for the allegations contained in Count II;

- D. For an award of Plaintiff and Subclass members' reasonable litigation expenses and attorneys' fees pursuant to N.C.G.S. § 75-16 for the allegations contained in Count II and/or alternatively pursuant to 11 U.S.C.§ 105 for the allegations contained in Count I;

- E. For an award of Plaintiff and Subclass members' pre- and post-judgment interest, to the extent allowable; and

- F. For an award of such other and further relief as equity and justice may require.

Respectfully Submitted,

Dated July 10, 2024

By: /s/ *Erik A. Martin*
Attorney for Debtors Bar #55683
Law Office of John T. Orcutt
1738 Hillandale Road, Suite D
Durham, NC 27705
emartin@lojto.com
919-286-1695

Brent S. Snyder (TN BPR #021700)*
*Motions for Pro Hac Vice Anticipated
DannLaw
15000 Madison Avenue
Cleveland, OH 44107
Phone: (216) 373-0539
Fax: (216) 373-0536
notices@dannlaw.com

*Counsel for Plaintiff Jacqueline Rena Green and the putative class*